IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LEE RICHES, ) | No. C 07-4539 MJJ (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| SCOTT PETERSON, et al., ) | |
| Defendants. ) | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against Scott Peterson and Laci Peterson.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual

G:\PRO-SE\MJJ\CR.07\riches2.dsm.wpd

1  contentions are clearly baseless.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

2  Examples are claims describing fantastic or delusional scenarios with which federal district

3  judges are all too familiar.  See Neitzke v. Williams, 490 U.S. 319, 328 (1989).  To pierce the

4  veil of the complaint's factual allegations means that a court is not bound, as it usually is

5  when making a determination based solely on the pleadings, to accept without question the

6  truth of the plaintiff's allegations.  See Denton, 504 U.S. at 32.  A finding of factual

7  frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

8  wholly incredible, whether or not there are judicially noticeable facts available to contradict

9  them.  See id. at 32-33.

10      Plaintiff alleges Scott Peterson, Laci Peterson and "Case No. 2007cv04192 in

11  Chicago" are "in a major conspiracy to Boost T.V. Ratings, collect insurance money and

12  exploit a tragedy."  Plaintiff further alleges Ms. Peterson is still alive and is engaged in a plan

13  with Mr. Peterson and "the Zodiac."  Plaintiff seeks eight billion dollars in damages.  As

14  these allegations are clearly baseless, irrational and wholly incredible, the complaint will be

15  dismissed as frivolous under sections 1915A and 1915(e)(2).

16      For the foregoing reasons, this action is DISMISSED.

17      The Clerk shall close the file.

18      IT IS SO ORDERED.

19  DATED:   10/02/07                              _____

20                          MARTIN J. JENKINS
                        United States District Judge

**United States District Court**
**For the Northern District of California**

G:\PRO-SE\MJJ\CR.07\riches2.dsm.wpd          2